**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BULLARD ABRASIVES, INC.,**

    **Plaintiff,**

v.                                                          Case No. 8:09-cv-199-T-30TGW

**TAIWAN RESIBON ABRASIVE
PRODUCTS, CO. LTD.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Third-Party Defendant Taiwan Resibon Abrasive Products Co. Ltd.'s Motion to Dismiss the Third-Party Complaint and Supporting Memorandum of Law (Dkt. #9), Declaration of Chi-Long Wu (Dkt. #9-2), and Defendant/Third-Party Plaintiff's Response to Third-Party Defendant's Motion to Dismiss (Dkt. #11). The Court, having considered the motion, affidavit in support, response, memoranda, exhibits, and being otherwise advised in the premises, concludes that Third-Party Defendant's motion to dismiss for lack of personal jurisdiction should be granted.

**I.**     **Background**.

    **A.**     **Procedural.**

On January 4, 2007, Plaintiff Stephen Carter was injured while using a hand grinder purchased from Bullard Abrasives when the grinding disc suddenly disintegrated causing

pieces of shrapnel to spray into Plaintiff's face and body. In late 2007, Plaintiffs Stephen Carter and Mary Carter ("Plaintiffs") filed a Complaint in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, against Defendant/Third-Party Plaintiff Bullard Abrasives, Inc. ("Bullard Abrasives") alleging claims based on strict liability, negligence and loss of consortium.[1] On July 29, 2008, in the same case Bullard Abrasives filed a Third-Party Complaint against Third-Party Defendant Taiwan Resibon Abrasives Products, Co. Ltd. ("Taiwan Resibon") alleging claims based on common law indemnity and contribution.[2]

On December 23, 2008, Plaintiffs executed a Release, Indemnification and Hold Harmless Agreement in full settlement of any and all claims stated in the Complaint against Bullard Abrasives.[3] On January 7, 2009, the state court entered a Final Order of Dismissal as to Plaintiffs' claims against Bullard Abrasives. Thus, the only claims remaining in this litigation are Bullard Abrasives' claims for common law indemnity and contribution against Taiwan Resibon.

On January 8, 2009, Taiwan Resibon was served with Bullard Abrasives' Third-Party Complaint at its place of business in Taipei, Taiwan. After being served, Taiwan Resibon timely removed the case to this Court. Taiwan Resibon brings this motion arguing that the

---

[1] Dkt. #2.

[2] Dkt. #3.

[3] Dkt. #9-2.

Third-Party Complaint should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

### B. Third-Party Complaint Jurisdictional Allegations.

Bullard Abrasives is a Massachusetts corporation authorized to do business in the state of Florida. At all times material, Taiwan Resibon is a company based in Taiwan. The tort complained of in the underlying Complaint against Bullard Abrasives occurred in Polk County, Florida. Bullard Abrasives alleges, in pertinent part: (i) Taiwan Resibon is the manufacturer of the subject grinding disc; (ii) Bullard Abrasives purchased the subject grinding disc from Taiwan Resibon; and (iii) Taiwan Resibon was solely at fault for the loss suffered by Plaintiffs.

### C. Declaration of Chi-Long Wu.

Taiwan Resibon offers the sworn declaration of its Chairman Chi-Long Wu in support of its motion to dismiss the Third-Party Complaint for lack of jurisdiction.[4] Mr. Wu affirms the following facts, in pertinent part: Taiwan Resibon is a foreign corporation organized and existing under the laws of Taiwan; its principal place of business is located in Taipei, Taiwan; Taiwan Resibon is not a resident of Florida, not incorporated in Florida, not registered, licensed or otherwise authorized to do business in Florida; Taiwan Resibon has never paid any taxes, owned, rented or leased any property in Florida; Taiwan Resibon has never maintained an office, any employees, any bank accounts, or phone numbers in Florida;

---

[4] *See* Dkt. #9-2.

Taiwan Resibon has never regularly conducted or solicited business, derived substantial revenue, negotiated or executed a contract in Florida; Taiwan Resibon has never shipped any products to businesses or individuals in Florida. Mr. Wu's declaration also states, in pertinent part, that: the grinding discs at issue were shipped to Bullard Abrasives at its Massachusetts place of business, with the title of such goods passing to Bullard Abrasives in Taiwan; Taiwan Resibon maintained no control over any of the grinding discs sold to Bullard Abrasives after the discs left Taiwan; Taiwan Resibon had no right to control where Bullard Abrasives distributed or sold any of the grinding discs; and Taiwan Resibon had no specific knowledge that Bullard Abrasive was selling products manufactured by Taiwan Resibon to any businesses or individuals in Florida.

Bullard Abrasives has not offered its own affidavit or other sworn proof to refute Mr. Wu's declaration.

**II.    Burden of Proof.**

The burden of proving the right to proceed under the Florida long-arm statute is initially upon the plaintiff; the plaintiff must allege facts that bring the defendant within the parameters of the statute. *See Phoenix Trimming, Inc. v. Mowday*, 431 So.2d 198, 200 (Fla. 4th DCA 1983). If a plaintiff has pled a basis for jurisdiction, it is incumbent on a defendant who wishes to challenge jurisdiction to do so by an appropriate motion and an attached, legally sufficient affidavit or other sworn proof. *See Kin Yong Lung Industrial Co., Ltd. v. Temple*, 816 So.2d 663, 666 (Fla. 2d DCA 2002), citing *QSR, Inc. v. Concord Food Festival, Inc.*, 766 So.2d 271, 274 (Fla. 4th DCA 2000). "Once that occurs, the burden shifts to the

plaintiff to refute the defendant's affidavit by filing its own affidavit or other sworn proof." *Id*. "If the affidavits are in direct conflict, however, the trial court must conduct a limited evidentiary hearing to resolve the question of jurisdiction." *Id*. "The foregoing notwithstanding, if the plaintiff fails to refute the legally sufficient factual assertions set forth in the defendant's affidavit, the defendant's motion challenging personal jurisdiction must be granted." *Id*.

## III. Personal jurisdiction over a foreign manufacturer.

In determining personal jurisdiction over a foreign manufacturer, as in this case, the courts employs a two-prong test. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). The first prong is the statutory analysis, or application of the long-arm statute. The second prong is the constitutional analysis, which envelops the concerns of satisfying due process. *See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So.2d 582, 584 (Fla. 2000). The second prong is controlled by United States Supreme Court precedent interpreting the Due Process Clause and imposes a more restrictive requirement. *See International Shoe v. Washington*, 326 U.S. 310 (1945); *see also Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987).

### 1. First Prong - Florida's Long-arm Statute.

Section 48.193(1)(f)(2), *Florida Statutes 2008*, in pertinent part, states:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of

this state for any cause of action arising from the doing of any of the following acts:

\* \* \*

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

\* \* \*

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

### 2. Second Prong - Constitutional.

Most of the decisions from Florida courts regarding the issue of long-arm jurisdiction turn on the constitutional prong of the analysis. *See, e.g., Shin-Kobe Elec. Mach. Co. v. Rockwell*, 750 So.2d 67 (Fla. 2d DCA 1999) (the Court found no personal jurisdiction over a Japanese manufacturer of a battery sold only in Japan that made its way to Florida as part of a forklift; court resolved issue on minimum contacts testing).

The Eleventh Circuit has delineated a three-step test based on Supreme Court precedent for determining whether constitutional minimum contacts have been established by the plaintiff. *See Vermeulen v. Renault*, 985 F.2d 1534, 1546 (11th Cir. 1993). "First, the contacts must be related to the plaintiff's cause of action or have given rise to it." *Id*. "Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws." *Id*. "Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there." *Id*.

In *Vermeulen*, the Eleventh Circuit discussed in great detail the evolution of the "stream of commerce plus" theory of personal jurisdiction, which encompasses the last two steps in the three-step analysis for minimum contacts. Under the "stream of commerce plus" test articulated by the Supreme Court in *Asahi*, there must be additional factors above and beyond placing a product into the stream of commerce. In *Asahi*, the Supreme Court reasoned:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum state, for example, designing the product for the market in the forum state, advertising in the forum state, establishing channels for providing regular advice to customers in the forum state, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state.[5]

## IV. Discussion.

In the Third-Party Complaint, Bullard Abrasives sufficiently alleges facts that bring Taiwan Resibon within the parameters of Fla. Stat. § 48.193(1)(f)(2). Bullard Abrasives' claim involves an injury to a Florida resident which occurred in Florida relating to a product or material manufactured by Taiwan Resibon and used by a person in Florida in the ordinary course of commerce, trade, or use. Thus, Bullard Abrasives has satisfied the first prong of this Court's analysis in determining personal jurisdiction.

---

[5] *Asahi*, 480 U.S. 102, 112.

The Third-Party Complaint does not, however, allege that Taiwan Resibon purposefully avails itself of the privilege of conducting activities within Florida or maintains contacts with Florida such that Taiwan Resibon should reasonably anticipate being haled into court in Florida. Nor has Bullard Abrasives offered any affidavits or other sworn statements supporting such an argument.

The only sworn declaration offered for this Court's consideration was filed by Taiwan Resibon. As discussed above, Taiwan Resibon's Chairman states that Taiwan Resibon has no contacts with Florida at all. Taiwan Resibon is a foreign corporation with its principal place of business in Taiwan. Taiwan Resibon does no advertising, and has no offices, agents, employees, representative, distributors, or salesman in Florida. Taiwan Resibon has never shipped any products to businesses or individuals in Florida. The grinding discs at issue were shipped to Bullard Abrasives at its Massachusetts place of business, with the title of such goods passing to Bullard Abrasives in Taiwan. Taiwan Resibon maintained no control over any of the grinding discs sold to Bullard Abrasives after the discs left Taiwan. Taiwan Resibon had no right to control where Bullard Abrasives distributed or sold any of the grinding discs. Taiwan Resibon had no specific knowledge that Bullard Abrasive was selling products manufactured by Taiwan Resibon to any businesses or individuals in Florida.

Bullard Abrasives has failed in every respect to refute Taiwan Resibon's legally sufficient sworn declaration, which unequivocally establishes that Taiwan Resibon does not have the requisite contacts with Florida to be sued here. In Bullard Abrasives' Response in Opposition to Taiwan Resibon's Motion to Dismiss, Bullard Abrasives argues that Taiwan

Resibon intended for its products to be sold and distributed in the United States, and therefore, availed itself of the privilege of doing business in Florida. Bullard Abrasives also argues that the state of Florida has an interest in the dispute being resolved here and in ensuring that Taiwan Resibon products distributed in this state are safe. Such arguments are unpersuasive.

Minimum contacts are not established "merely by showing that a manufacturer could foresee that his product would be used in a particular state and that he derived some indirect economic benefit from its use." *Maschinenfabrik Seydelmann v. Altman*, 486 So.2d 286, 288 (Fla. 2d DCA 1985); *see also Asahi*, 480 U.S. at 112. Rather, there must be proof that the nonresident defendant engaged in some action purposefully directed toward the forum state. *Asahi* at 112. Such purposeful availment requires something more than merely placing a product into the stream of commerce. *Id.* The record evidence before this Court is devoid of facts that would support a finding that Taiwan Resibon engaged in any action whatsoever directed toward the state of Florida. Therefore, this Court concludes that Florida does not have personal jurisdiction over Taiwan Resibon in this matter.

Accordingly, Taiwan Resibon's motion to dismiss for lack of personal jurisdiction should be granted and the Third-Party Complaint should be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Third-Party Defendant Taiwan Resibon Abrasive Products Co. Ltd.'s Motion to Dismiss the Third-Party Complaint and Supporting Memorandum of Law (Dkt. #9) is **GRANTED**.

2. The Third-Party Complaint (Dkt. #3) is **DISMISSED**.

3. The Clerk is directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-199.mt dismiss 12(b)(2) 9.wpd